UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD LOPEZ,                    )
   Plaintiff,                     )
                            )
   vs.                           )          No. 17-3306
                            )
ERIC BERGEE, et. al.,             )
   Defendants                     )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Correctional Officer Eric Bergee, Major Chappell, Lieutenant K. Cheek, Investigator Fink, Lieutenant Grubb, Paralegal Lorne Williams, and Warden Carolyn Gursky violated his Eighth and Fourteenth Amendment rights at Jacksonville Correctional Center.

Plaintiff says on December 7, 2015, he was moved from general population to a segregation cell. Two days later, he received a "fabricated" disciplinary ticket accusing him of engaging in gang activity. (Comp., p. 6). Defendants Chappell, Fink, and Cheek signed off on the ticket.

1

On December 15, 2015, Plaintiff appeared before Adjustment Committee Members Grubb and Williams who found Plaintiff guilty and recommended various disciplinary measures including three months in segregation and a three month loss of good time credits. In addition, Plaintiff says he was transferred to segregation at a higher security prison on January 6, 2016. Defendant Warden Gursky also approved the findings.

Plaintiff says before he received the ticket, he lived in general population and was able to use the telephone, walk to and from meals, and enjoy outside recreation every day. In addition, Plaintiff could take a shower every other day and buy items in the commissary once a week. After he was placed in segregation, Plaintiff was denied frequent phone calls, outside recreation was limited to once a week, all meals were served in his cell, and he was not allowed to purchase food items. In addition, handcuffs were required when Plaintiff was moved out of his cell.

Plaintiff appealed the findings of the disciplinary hearing to the Administrative Review Board (ARB) in January of 2016. In May, the ARB expunged Plaintiff's disciplinary ticket finding the ticket did not comply with department rules since it did not include the date of the alleged incident.

On May 27, 2016, Plaintiff was released from "segregation and placed in segregation release." (Comp., p. 14).

Plaintiff first maintains the Defendants violated his Fourteenth Amendment due process rights since he was not allowed to present a "factual defense." (Comp., p. 4).

The Seventh Circuit has held there is "no denial of due process if the error the inmate complains of is corrected in the administrative appeal process" because that process "is part of the due process afforded to prisoners." *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995). However, the Seventh Circuit has also "suggested that this rule may only apply when the administrative appeal corrects the 'procedural error *before* the punishment has begun.'" *Trainauskas v. Fralicker*, 2018 WL 1183867, at *4 (S.D.Ill. March 7, 2018) *quoting Morissette v. Peters*, 45 F.3d at 1122, n. 4. Therefore, the Court will not dismiss Plaintiff's due process claim at merit review on the grounds that his ticket was expunged since he had already served his time in segregation.

The Court also notes the "Due Process Clause does not protect a prisoner from a false conduct report." *Shelton v. Melvin*, 2017 WL 951241, at *4 (N.D.Ill March 10, 2017); *see also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

Instead, a prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994). In this case, Plaintiff has not alleged the Defendants interfered with a liberty or property interest. For instance, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin v Conner*, 515 U.S. 472, 484 (1995); *see also See Urias-Urias v Youell*, 2006 WL 1120434 at 2

3

(C.D.Ill. April 26, 2006)("The Eighth Amendment to the constitution prohibits 'cruel and unusual punishment,' but segregation alone is generally not considered cruel and unusual punishment."). The Seventh Circuit Court of Appeals has further noted "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not violate due process. *Marion v Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)(collecting cases); *see also Lekas v Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(90 days in disciplinary segregation did not violate due process); *Hoskins v Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005)(60 days in disciplinary segregation did not violate due process).

Plaintiff was in segregation less than six months and the conditions described are typical of segregation. Therefore, he has not met the first prong of a due process claim. Even if Plaintiff had identified a liberty interest, the Adjustment Committee Final Report provided by Plaintiff demonstrates he was afforded the required due process protections including a chance to present a defense and call witnesses. (Comp, p. 19); *see Wolff*, 418 U.S. at 558.

Plaintiff next alleges the restrictions imposed during his time in segregation violated his Eighth Amendment right to be free from cruel and unusual punishment. However, Plaintiff does not allege he was denied the "minimal civilized measure of life's necessities,' " such as adequate food, clothing, shelter, medical care, or safety. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir.1996). Therefore, Plaintiff has failed to articulate an Eighth Amendment violation. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (for prisoner to state an Eighth Amendment claim

based on conditions of confinement, the conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities); *Urias-Urias v Youell*, 2006 WL 1120434 at 2 (C.D.Ill. April 26, 2006)("The Eighth Amendment to the constitution prohibits 'cruel and unusual punishment,' but segregation alone is generally not considered cruel and unusual punishment.").

Finally, although not clearly stated, it is possible Plaintiff was also attempting to allege a retaliation claim. For instance, Plaintiff says he was interviewed on multiple occasions about gang activity, but he refused to answer. Plaintiff was then threatened, and ultimately given the false disciplinary ticket. Plaintiff does not state when this occurred or who was involved.

To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). In this case, Plaintiff has not alleged a retaliation claim because he has failed to identify a protected activity which sparked retaliatory behavior. *See Fields v. Lashbrook*, 2016 WL 3124839, at *4 (S.D.Ill. June 3, 2016)("the Court finds no case law that indicates that discipline for remaining silent during a security investigation at a prison rises to a First Amendment violation.").

Therefore, Plaintiff's complaint fails to state a claim upon which relief can be granted and the Court does not believe allowing Plaintiff to amend his complaint could cure the deficiencies.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [4].

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 21st day of May, 2018.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE